UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:11-cv-38-RJC

| | |
|---|---|
| FLOYD JUNIOR POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TONY KELLER, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. No. 1). For the reasons set forth below, this action will be dismissed in its entirety.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was one of thirteen individuals named in an eight-count Bill of Indictment. (Case No. 5:99cr12-6, Doc. No. 3). Plaintiff was charged with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846 (Count One) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Seven). (Id. at 1-2, 4). Additionally, the Indictment contained a Forfeiture Count, listing real property located at 169 8th St. in Conover, North Carolina,[1] as subject to forfeiture pursuant to 21 U.S.C. § 853 (Count Eight). (Id. at 4-6).

On November 12, 1999, Plaintiff was found guilty after a jury trial of Counts One and Seven. (Id., Doc. No. 146). Additionally, the jury returned a Special Verdict finding that the real property

---

[1] At some point in the proceedings, this address was corrected to 169 8th Ave. SW in Conover, North Carolina.

located at 169 8th Ave. SW in Conover, North Carolina (hereinafter "the residence"), was used or was intended to be used to commit or facilitate the commission of the above-mentioned drug conspiracy and that the real property constituted or was derived from proceeds Floyd Powell obtained as a result of the drug conspiracy. (Id., Doc. No. 147). These jury findings made the residence subject to forfeiture pursuant to 21 U.S.C. § 853.

On November 17, 1999, the Government moved for a judgment of forfeiture on the residence, which the district court granted on December 9, 1999. (Id., Doc. No. 156). On December 10, 1999, the U.S. Marshal Service served Plaintiff's wife, Rose Powell, with notice of the Order of Forfeiture. (Id., Doc. No. 159). Public notice of the forfeiture was published in the Newton *Observer News Enterprise*, a newspaper of general circulation, on February 8, February15, and February 22, 2000. (Id., Doc. No. 196).

Plaintiff was sentenced on February 15, 2001. Also on February 15, 2001, the Government moved for Final Judgment of Forfeiture of the residence, which the Court granted on March 12, 2001. (Id. at Doc. Nos. 293, 300). Plaintiff appealed his convictions, sentences, and the judgment of forfeiture, arguing that all were invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Powell, 38 F. App'x 140 (4th Cir. 2002) (unpublished). The Fourth Circuit affirmed. Id. at 142.

On April 24, 2001, Plaintiff's wife, Rose Powell, filed a third party petition to adjudicate the validity of her interest in the residence. (Case No. 5:99cr12-6, Doc. Nos. 308, 310). On July 10, 2001, the district court held a hearing to determine the validity of Mrs. Powell's interest in the property. On August 6, 2002, the Court dismissed Mrs. Powell's petition, finding, among other things, that she had failed to prove by a preponderance of the evidence that she was a "bona fide purchaser for value of [the residence] who at the time of purchase was reasonably without cause to

believe that the property was subject to forfeiture" as required by 21 U.S.C. §§ 853(c) and 853(n)(6)(B). (Id., Doc. No. 355) On November 25, 2002, the Court issued a Final Order Confirming Forfeiture of the residence. (Id., Doc. No. 366).

On December 22, 2003, Rose Powell filed a civil rights complaint pursuant to §§ 1983, 1985, and 1986, alleging that all of the defendants named herein conspired to violate and violated her right to due process and various other constitutional rights. (Doc. No. 5:03cv160, Doc. No. 2). Her complaint was denied on August 23, 2004. (Id., Doc. No. 43). The Court's decision was affirmed on appeal. Powell v. Keller, et.al., 120 F. App'x 512 (4th Cir. 2005).

On November 5, 2007, Plaintiff filed a civil rights complaint against the same defendants named herein. (Case No. 5:07cv121, Doc. No. 1.) Among his allegations were that the defendants violated §§ 1983, 1985, and 1986 with respect to the forfeiture of the real property at 169 8th Ave. SW, Conover, North Carolina. (Id.). Plaintiff's complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), Heck v. Humphrey, 512 U.S. 477 (1994), and principles of res judicata and qualified immunity. (Id., Doc. No. 3). The Fourth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. Powell v. Keller, et.al., 274 F. App'x 330 (4th Cir. 2008) (per curiam).

On January 7, 2009, Plaintiff filed another civil rights complaint against the same defendants named herein. (Case No. 5:09cv4, Doc. No. 1). Among his allegations were that the defendants violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights with respect to the forfeiture of the real property at 169 8th Ave. SW, Conover, North Carolina. (Id.). The factual allegations used to support his claims were identical to those alleged in his previous complaint (Case No. 5:07cv121, Doc. No. 1). (Id.). The Court dismissed the complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and the principle of res judicata. (Id., Doc. No. 3). The Fourth

Circuit dismissed Plaintiff's appeal as frivolous. Powell v. Keller, et.al., 326 F. App'x 697(4th Cir. 2009) (per curiam).

Undeterred, Plaintiff filed a third civil rights complaint on November 2, 2009, against the same defendants as here. (Case No. 5:09cv126, Doc. No. 1). Among his allegations were that the defendants violated §§ 1983, 1985, and 1986 and all of the other constitutional rights cited herein with respect to the forfeiture of the real property at 169 8th Ave. SW, Conover, North Carolina. (Id.). The facts he alleged to support his claims were identical to those alleged in his previous complaints (Case No. 5:07cv121, Doc. No. 1; Case No. 5:09cv4, Doc. No. 1). (Id.). The Court dismissed the Complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and the principle of res judicata. (Id., Doc. No. 3). The Fourth Circuit dismissed Plaintiff's appeal as frivolous. Powell v. Keller, et.al., 367 F. App'x 402 (4th Cir. 2010) (per curiam).

Plaintiff has now filed a fourth civil rights complaint against the same defendants, raising the same allegations of constitutional and statutory violations based on the same facts as those in his previous complaints (Case No. 5:07cv121, Doc. No. 1; Case No. 509cv4, Doc. No. 1; Case No. 5:09cv126, Doc. No. 1). (Doc. No. 1).[2] For the first time, however, Plaintiff alleges a racist motive behind Defendants' actions.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed in a civil action without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006). Plaintiff has had

---

[2] Except for the names of the plaintiffs, the instant complaint is virtually identical to the complaint filed by Rose Powell (5:03cv160, Doc. No. 2). (Doc. No. 1).

4

three appeals dismissed as frivolous. See Powell v. Keller, et.al., 274 F. App'x 330 (4th Cir. 2008) (per curiam); Powell v. Keller, et.al., 326 F. App'x 697 (4th Cir. 2009) (per curiam); Powell v. Keller, et.al., Powell v. Keller, et.al., 367 F. App'x 402 (4th Cir. 2010) (per curiam). He is thus unable to proceed with this action without pre-paying the $350.00 filing fee or making a showing that he is under "imminent danger of serious physical injury." § 1915(g). Plaintiff has neither pre-paid the filing fee nor made a showing that he is under "imminent danger of serious physical injury." § 1915(g). As a result, his Complaint must be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

Signed: April 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge